# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

JUAN GASPAR-BUERRERO, ISMAEL
FERNANDEZ-FERNANDEZ, RAMIRO
FERNANDEZ-FERNANDEZ, BENITO
ROMERO-CLAUDIO, ANSELMO
SEGURA-GONZALEZ,

        Plaintiffs,

-vs-                                        Case No. 2:09-cv-384-FtM-29DNF

EVERGLADES HARVESTING &
HAULING, INC.,

        Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the parties' Joint Motion for Approval of Settlement Agreement (Doc. 28) filed on May 7, 2010. The Plaintiffs, Juan Gaspar-Guerrero, Ismael Fernandez-Fernandez, Ramiro Fernandez-Fernandez, Benito Romero-Claudio, and Anselmo Segura-Gonzalez and the Defendant, Everglades Harvesting and Hauling, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to

employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiffs performed agricultural labor for the Defendant. The Plaintiffs were represented by counsel throughout this litigation. There are disputed issues of fact and law as to the Plaintiffs' alleged claims against the Defendant. The Court reviewed the Settlement Agreement, Full and Final Release, and Covenant Not to Sue (Doc. 28-1) which is attached to the Joint Motion for Approval of Settlement Agreement. The parties settled this case for a total of $12,500.00. The Plaintiffs Juan Gaspar-Guerrero, Ismael Fernandez-Fernandez, and Ramiro Fernandez-Fernandez shall each receive $3,000.00. The Plaintiff, Benito Romero-Claudio will receive $500.00. The Plaintiff Anselmo Segura-Gonzalez shall receive $1,500.00. Counsel for the Plaintiffs will receive $1,500.00 for costs. The Plaintiffs' counsel agreed to receive no attorneys' fees. The Court finds this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Approval of Settlement Agreement (Doc. 28) be granted and the Settlement Agreement, Full and Final Release, and Covenant Not to Sue (Doc. 28-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this <u>13th</u> day of May, 2010.

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

Copies: All Parties of Record